# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,                )
                                  )
              v.                  )        I.D. Nos. 0507002947
                                  )                  0601016797
SYE C. NEWTON,                    )
                                  )
              Defendant.          )

Submitted: May 16, 2016
Decided:  May 23, 2016

Upon Defendant's Motion to Compel Release-Dismissal Agreement

**DENIED.**

Sye C. Newton, *pro se,* Smyrna, DE.

Ipek K. Medford, Esquire, and Brian J. Robertson, Esquire, Deputy Attorneys General, Department of Justice, 820 North French Street, Wilmington, Delaware, Attorneys for the State.

**WHARTON, J.**

This 23rd day of May, 2016, upon consideration of Defendant's Motion to Compel Release-Dismissal Agreement, the State's Response, and the record in this case, it appears to the Court that:

1. On April 12, 2016, Defendant Sye C. Newton ("Newton") filed a motion captioned "Mot. to Compel Release-Dismissal Agreement" ("Motion").[1] The Motion seeks to have the Court hold a "hearing/conference" at which the State and Newton would draft and execute an agreement whereby Newton would release certain federal claims against various state officials in exchange for his release from incarceration and the dismissal of the captioned criminal cases.[2] Failing an agreement, he asks the Court to impose the relief he seeks.[3]

2. The State opposes the Motion, noting that Newton entered guilty pleas to the charges for which he is incarcerated, and further noting that arrangements of the sort Newton requests are disfavored, citing both United States Supreme Court and Third Circuit Court of Appeals precedent.[4]

---

[1] D.I. 97.

[2] *Id.*

[3] *Id.*

[4] State's letter dated May 16, 2016, citing *Town of Newton v. Rumery,* 480 U.S. 386 (1987); *Cain v. Borough,* 7 F.3d 377 (3d Cir. 1993); *Livingston v. North Belle Vernon Borough,* 91 F.3d 515 (3d Cir. 1996).

2

3. The Court is unaware of any authority vested in it to compel the parties to agree to the terms Newton proposes, and Newton cites none. Moreover, a compelled agreement, being not really an agreement at all, seems oxymoronic. Finally, the Court has no authority to enter an order imposing the terms Newton seeks imposed.

Therefore, Defendant's Motion to Compel Release-Dismissal Agreement is **DENIED.**

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

oc:   Prothonotary
cc:   Ipek K. Medford, Esquire, Deputy Attorney General
       Brian Robertson, Esquire, Deputy Attorney General
       Sye C. Newton

3